**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
Email: cramunno@darcambal.com
By: Nada M. Peters, Esq. (NJ Att. Id: 027942004)
By: Christy A. Ramunno, Esq. (NJ Att. Id: 039011994)
Attorneys for Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart Inc. d/b/a Walmart Supercenter)

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KELLY WILSON AND DAVID WILSON, her husband,<br><br>Plaintiffs,<br><br>vs.<br><br>WALMART, INC. d/b/a WALMART SUPERCENTER, ABC CORPORATIONS 1-4 (true names being unknown), and JOHN DOES 1-4 (true names being unknown),<br><br>Defendants. | Civil Action No.:<br><br>**NOTICE OF REMOVAL** |

Defendant, Wal-Mart Stores East, LP (improperly pled as Walmart, Inc. d/b/a Walmart Supercenter) (hereinafter referred to as "Defendant"), by and through its undersigned counsel, for the purpose of removing this cause pursuant to 28 U.S.C. § 1441, respectfully submits this Notice of Removal pursuant to 28 U.S.C. § 1446. Defendant appears solely for the purpose of removal and for no other purpose, reserving all other defenses available to it. By way of providing the Court with the basis for Defendant's request for removal, Defendant respectfully submits the following short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon Defendant in such action:

1.        <u>State Court Action</u>.  Plaintiffs, Kelly Wilson and David Wilson ("Plaintiffs"), filed the above-captioned action against Defendant in the Superior Court of New Jersey, Law Division, Sussex County, New Jersey, on or about April 1, 2021, in a matter pending as docket number SSX-L-000159-21.  Copies of all process, pleadings, and orders received by Defendant are attached hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

2.        <u>Allegations in the Complaint</u>.  In the Complaint, Plaintiffs assert claims against Defendant for negligence alleging that Kelly Wilson was injured at a Walmart store in Mildford, Pennsylvania on April 14, 2019, and she suffered severe and permanent injuries. The Complaint does not allege the amount of damages being claimed.  <u>See</u> **Exhibit A**.

3.        <u>Defendants</u>.  Other than fictitious defendants, Plaintiffs have named no defendants other than Wal-Mart Stores East, LP (improperly pled as Walmart, Inc. d/b/a Walmart Supercenter).

4.        <u>Federal Court Subject Matter Jurisdiction</u>.  28 U.S.C. § 1441(a) provides the basis for removal jurisdiction to this Court as this is a state court action over which this Court has original jurisdiction under 28 U.S.C. § 1332 (diversity of citizenship).  28 U.S.C. § 1332 confers subject matter jurisdiction over cases in which there is complete diversity between Plaintiffs and Defendant, and in which the amount in controversy equals or exceeds $75,000.00.

Defendant, Wal-Mart Stores East, LP, is a limited partnership organized and existing under the laws of Delaware, of which WSE Management, LLC, a Delaware limited liability company, is the general partner, and WSE Investment, LLC, a Delaware limited liability company, is the limited partner. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, an Arkansas limited liability holding company with its principal place of business located in Arkansas.  Walmart Inc. is the sole member of Wal-Mart Stores East, LLC.

Walmart Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Arkansas. The Complaint asserts that Plaintiffs are citizens of New Jersey.

Furthermore, this Court has diversity jurisdiction because the amount in controversy exceeds $75,000. The Complaint alleges that as a direct and proximate result of the negligence of the Defendant, Plaintiff sustained "severe painful bodily injuries which necessitated obtaining medical treatment, causing her pain and suffering, incapacitating her from pursuing daily activities and having left her with permanent disabilities that will in the future similarly incapacitate her, cause her pain and suffering arid require medical treatment, including surgery" (Ex. A, Complaint, Count 1 at ¶ 10 .) On April 26, 2021 Defendant's counsel sent Plaintiffs' counsel correspondence requesting that Plaintiffs stipulate that Plaintiffs' damages are less than $75,000. (Attached hereto as **Exhibit B** is a true and correct copy of the April 26, 2021 letter and its enclosure.) To date, Plaintiffs have not returned the stipulation.

While Defendant denies all liability to Plaintiffs and denies that she is entitled to any of the relief sought in the Complaint, based upon the allegations of the Complaint, the injuries alleged, and that the Stipulation of Damages has not been returned to Defendant's counsel, and upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

Accordingly, for the reasons set forth above, Defendant respectfully submits that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as the properly joined parties are of diverse citizenship and Plaintiffs' claims meets the jurisdictional limit of $75,000.

5.      <u>Timely Filing</u>.  The Summons and Complaint was served upon Defendant on April 16, 2021.  Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(3) in that it is being filed within thirty (30) days of service.

6. <u>State Court Documents Attached</u>. Copies of all process, pleadings and orders received by Defendant are annexed hereto as **Exhibit A** in accordance with 28 U.S.C. § 1446(a).

7. <u>Proper Venue</u>.  Venue for removal is proper in this district because this is the district embracing the Superior Court of New Jersey, Law Division, Sussex County, New Jersey, the forum in which the removed action was pending.

8. <u>Notice to Plaintiffs and State Court</u>.  Promptly upon filing this Notice of Removal with this Court, Defendant, through its undersigned counsel, will give written notice hereof to Plaintiffs, per their counsel, and will file a copy of this Notice of Removal with the Clerk of the Superior Court of New Jersey, Law Division, Sussex County, New Jersey.

9. <u>Relief Requested</u>.  Defendant respectfully gives notice that this action is to be removed from the Superior Court of New Jersey, Law Division, Sussex County, New Jersey, to the United States District Court for the District of New Jersey.

**WHEREFORE**, Defendant, Wal-Mart Stores East, LP, hereby removes this action, currently pending as Docket Number SSX-L-000159-21 in the Superior Court of New Jersey, Law Division, Sussex County, New Jersey.

Dated:  May 14, 2021

/s/ Nada M. Peters
Nada M. Peters, Esq.
Christy Ramunno, Esq.
**D'ARCAMBAL OUSLEY & CUYLER BURK, LLP**
Four Century Drive | Suite 250
Parsippany, New Jersey 07054
Tel.: 973.734.3200
Fax: 973.734.3201
Email: npeters@darcambal.com
(improperly pled as Walmart Inc. d/b/a Walmart Supercenter)

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Sussex County, which is the subject of this Notice of Removal, the matter in controversy, to the best of the Attorneys for Defendant, Wal-Mart Stores East, LP's, knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

Dated:  May 14, 2021                                          /s/ Nada M. Peters
                                                                         Nada M. Peters, Esq.