# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
04/16/2021
CT Log Number 539402550

TO:     Kim Lundy Service Of Process
        Walmart Inc.
        702 SW 8TH ST
        BENTONVILLE, AR 72716-6209

RE:     **Process Served in New Jersey**

FOR:    WALMART INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wilson Kelly and David Wilson, etc., Pltfs. vs. Walmart, Inc., etc., et al., Dfts. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Notice, Complaint, Attachment(s) |
| **COURT/AGENCY:** | Sussex County Superior Court - Law Division, NJ<br>Case # SSXL00015921 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 04/14/2019 - 220 Route 6 & 209, Milford, PA 18337 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, West Trenton, NJ |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/16/2021 at 11:48 |
| **JURISDICTION SERVED :** | New Jersey |
| **APPEARANCE OR ANSWER DUE:** | Within 35 days from the date of receipt, not counting the date of receipt |
| **ATTORNEY(S) / SENDER(S):** | Travis W. Nunziato<br>Laddey, Clark & Ryan, LLP<br>60 Blue Heron Road, Suite 300<br>Sparta, NJ 07871-2600<br>973-729-1880 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/17/2021, Expected Purge Date: 04/22/2021<br><br>Image SOP<br><br>Email Notification,  Kim Lundy Service Of Process  ctlawsuits@walmartlegal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>820 Bear Tavern Road<br>West Trenton, NJ 08628<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                  Fri, Apr 16, 2021

**Server Name:**         Drop Service

| | |
|---|---|
| Entity Served | WALMART INC. |
| Agent Name | |
| Case Number | SSXL00015921 |
| Jurisdiction | NJ |



**Travis W. Nunziato, Esq. (155202015)**
**LADDEY, CLARK & RYAN, LLP**
*Attorneys-at-Law*
*60 Blue Heron Road, Suite 300*
*Sparta, New Jersey 07871-2600*
*(973) 729-1880*
*Attorneys for Plaintiffs, Kelly Wilson and David Wilson*

| | |
|---|---|
| KELLY WILSON and DAVID WILSON, her husband | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: SUSSEX COUNTY |
| Plaintiff, | Docket No.: SSX-L-000159-21 |
| -vs- | |
| WALMART, INC. d/b/a WALMART SUPERCENTER, ABC CORPORATIONS 1-4 (true names being unknown), and JOHN DOES 1-4 (true names being unknown) | CIVIL ACTION |
| | **SUMMONS** |
| Defendants. | |

THE STATE OF NEW JERSEY, TO:

**WALMART INC. d/b/a WALMART SUPERCENTER**
**c/o THE CORPORATION TRUST COMPANY**
**820 BEAR TAVERN ROAD**
**WEST TRENTON, NJ 08628**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided). A $175 filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior

Court, Hughes Justice Complex, CN 971, Trenton, NJ 08625.  You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above.  A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit.  If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529).  A list of these offices is provided.  If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services.  A list of these numbers is also provided.

Dated:   April 14, 2021          /s/ Michelle M. Smith

                                 _____
                                 Michelle M. Smith, Clerk
                                 Superior Court of New Jersey

Name of defendant to be served:  **WALMART INC. d/b/a WALMART SUPERCENTER**

Address for service:             **c/o THE CORPORATION TRUST COMPANY**
                                 **820 BEAR TAVERN ROAD**
                                 **WEST TRENTON, NJ 08628**

2

SUSSEX COUNTY SUPERIOR COURT
SUSSEX COUNTY JUDICIAL CENTER
43-47 HIGH STREET
NEWTON             NJ 07860-1738

                                    TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (862) 397-5700
COURT HOURS  8:30 AM - 4:30 PM

                    DATE:  APRIL 01, 2021
                    RE:    WILSON KELLY  VS WALMART, INC.
                    DOCKET: SSX L -000159 21

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ROSEMARY E. RAMSAY

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      001
AT:  (862) 397-5700.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                    ATTENTION:

                         ATT: TRAVIS W. NUNZIATO
                         LADDEY CLARK & RYAN, LLP
                         60 BLUE HERON RD SUITE 300
                         SPARTA         NJ 07871-2800

ECOURTS

**Travis W. Nunziato, Esq. (155202015)**
**LADDEY, CLARK & RYAN, LLP**
Attorneys-at-Law
60 Blue Heron Road, Suite 300
Sparta, New Jersey 07871-2600
(973) 729-1880
Attorneys for Plaintiffs, Kelly Wilson and David Wilson

| | |
|---|---|
| KELLY WILSON and DAVID WILSON, her husband | SUPERIOR COURT OF NEW JERSEY LAW DIVISION: SUSSEX COUNTY |
| Plaintiff, | Docket No.: |
| -vs- | CIVIL ACTION |
| WALMART, INC. d/b/a WALMART SUPERCENTER, ABC CORPORATIONS 1-4 (true names being unknown), and JOHN DOES 1-4 (true names being unknown) | **COMPLAINT AND JURY DEMAND** |
| Defendants. | |

Plaintiffs KELLY WILSON and DAVID WILSON, her husband, by way of Complaint against Defendants, says:

## PARTIES & JURISDICTION

1.     Plaintiffs KELLY WILSON and DAVID WILSON are a married couple residing at 130 Upper North Shore Road, Branchville, County of Sussex, State of New Jersey, 07826.

2.     Defendant WALMART, INC. d/b/a WALMART SUPERCENTER is a store with a location at 220 Route 6 & 209, Milford, PA 18337.

1

3.     Defendant WALMART, INC. also has a store located in Sussex County, New Jersey, at 26 Hampton House Rd, Newton, NJ 07860, and conducts business within the State of New Jersey.

4.     This court has *in personam* and subject matter jurisdiction over these parties in the subject matter of this litigation in so far as all parties did at all times relevant herein, reside and/or do business in New Jersey.

5.     Venue is proper in the County of Sussex pursuant to <u>Rule</u> 4:3-2 because Plaintiffs at times relevant herein, actually resided in this County.

## **FIRST COUNT**

6.     On or about April 14, 2019, Plaintiff KELLY WILSON was a business invitee, lawfully on the premises of WALMART, INC. d/b/a WALMART SUPERCENTER, located at 220 Route 6 & 209, Milford, PA 18337.

7.     At the time and place aforesaid, Defendant WALMART, INC. d/b/a WALMART SUPERCENTER was the property owner and/or entity responsible for the maintenance, repair, management, lighting, construction, design, upkeep, and/or cleanliness of the premises and/or responsible for creating, causing and/or maintaining any and all dangerous, defective, and/or hazardous conditions.

8.     At the time and place aforesaid, Defendant WALMART, INC. d/b/a WALMART SUPERCENTER, individually and/or by and through its agents, servants and/or employees, was negligent, careless, and/or reckless in their maintenance of said premises, and failed to maintain the area around the women's restroom in good condition as to create a dangerous, defective, and/or hazardous condition, namely water on the floor.

9.     At the time and place aforesaid, the dangerous, defective, and/or hazardous condition caused Plaintiff KELLY WILSON to slip and fall on the wet floor, causing her serious and permanent injuries.

10.     As a direct and proximate result of the negligent, careless, reckless and/or unreasonable conduct of the Defendant WALMART, INC. d/b/a WALMART SUPERCENTER, in their failure to properly maintain, repair, upkeep, light and/or clean the premises and/or in their failure to provide adequate notices, warnings and/or instructions regarding the potential dangers and hazards of walking upon such dangerous, hazardous and/or defective conditions, Plaintiff KELLY WILSON was caused to sustain severe painful bodily injuries which necessitated obtaining medical treatment, causing her pain and suffering, incapacitating her from pursuing daily activities, and having left her with permanent disabilities that will in the future similarly incapacitate her, cause her pain and suffering and require medical treatment, including surgery.

WHEREFORE, Plaintiffs demand judgment against the Defendant WALMART, INC. d/b/a WALMART SUPERCENTER jointly, severally, and in the alternative for damages, together with interest, costs of suit and attorneys' fees, as well as any other relief the court may deem proper.

## SECOND COUNT

11.     Plaintiffs repeat each and every allegation contained in the First Count as if set forth at length herein.

12.     At the time and place aforesaid, Defendant ABC CORPORATIONS 1-4 (true names being unknown), were the owners and/or lessee of property located at 220

3

Route 6 & 209, Milford, PA 18337 and/or were the entities responsible for the maintenance, repair, upkeep, and/or cleanliness of the premises and/or responsible for creating, causing and/or maintaining the dangerous, defective, and/or hazardous condition.

13.    At the time and place aforesaid, Defendant ABC CORPORATIONS 1-4 (true names being unknown), individually and/or by and through its agents, servants and/or employees, was negligent in their maintenance of said premises, and failed to maintain the area around the women's restroom in good condition as to create a dangerous, defective, and/or hazardous condition.

14.    At the time and place aforesaid, the dangerous, defective, and/or hazardous condition caused Plaintiff KELLY WILSON to slip and fall on the wet floor, causing her serious and permanent injuries.

15.    As a direct and proximate result of the negligence of Defendant ABC CORPORATIONS 1-4 (true names being unknown), in their failure to properly maintain, repair, upkeep, light and/or clean the premises and/or in their failure to provide adequate notices, warnings and/or instructions regarding the potential dangers and hazards of walking upon such dangerous, hazardous and/or defective conditions, Plaintiff KELLY WILSON was caused to sustain severe painful bodily injuries which necessitated obtaining medical treatment, causing her pain and suffering, incapacitating her from pursuing daily activities, and having left her with permanent disabilities that will in the future similarly incapacitate her, cause her pain and suffering and require medical treatment, including surgery.

**WHEREFORE,** Plaintiffs demand judgment against Defendants WALMART, INC. d/b/a WALMART SUPERCENTER and ABC CORPORATIONS 1-4 (true names being

4

unknown), jointly, severally, and in the alternative for damages, together with interest, costs of suit and attorneys' fees, as well as any other relief the court may deem proper.

### THIRD COUNT

16.    Plaintiffs repeat each and every allegation contained in the First and Second Counts as if set forth at length herein.

17.    At the time and place aforesaid, Defendants JOHN DOES 1-4, (true names being unknown), were the owners and/or lessee of property located at 220 Route 6 & 209, Milford, PA 18337 and/or were the entities responsible for the maintenance, repair, management, lighting, construction, design, safety, and/or upkeep cleanliness of the premises and/or responsible for creating, causing and/or maintaining the dangerous, defective and/or hazardous condition.

18.    At the time and place aforesaid, Defendant JOHN DOES 1-4, (true names being unknown), individually and/or by and through its agents, servants and/or employees, was negligent in their maintenance of said premises, and failed to maintain the area around the women's restroom in good condition as to create a dangerous, defective, and/or hazardous condition.

19.    At the time and place aforesaid, the dangerous, defective, and/or hazardous condition caused Plaintiff KELLY WILSON to slip and fall on the wet floor, causing her serious and permanent injuries.

20.    As a direct and proximate result of the negligence of Defendants JOHN DOES 1-4, (true names being unknown), in their failure to properly maintain, repair, light, upkeep and/or clean the Premises and/or in their failure to provide adequate notices, warnings and/or instructions regarding the potential dangers and hazards of walking

5

upon such dangerous, hazardous and/or defective condition, Plaintiff KELLY WILSON was caused to sustain severe painful bodily injuries which necessitated obtaining medical treatment, causing her pain and suffering, incapacitating her from pursuing daily activities, and having left her with permanent disabilities that will in the future similarly incapacitate her, cause her pain and suffering and require medical treatment, including surgery.

**WHEREFORE,** Plaintiffs demand judgment against WALMART, INC. d/b/a WALMART SUPERCENTER, ABC CORPORATIONS 1-4 (true names being unknown), and JOHN DOES 1-4 (true names being unknown), jointly, severally, and in the alternative for damages, together with interest, costs of suit and attorneys' fees, as well as any other relief the court may deem proper.

## FOURTH COUNT

21.     Plaintiffs repeats each and every allegation contained in the First, Second, and Third Counts as if set forth at length herein.

22.     Plaintiff DAVID WILSON is and was at all times relevant herein the husband of the injured Plaintiff, KELLY WILSON.

23.     As a further result of the aforementioned negligent, careless, unreasonable and/or reckless conduct of the Defendants, Plaintiff DAVID WILSON has suffered and shall continue to suffer the loss of companionship, consortium, and services during the period of Plaintiff KELLY WILSON's disability.

**WHEREFORE,** Plaintiffs demand judgment against WALMART, INC. d/b/a WALMART SUPERCENTER, ABC CORPORATIONS 1-4 (true names being unknown), and JOHN DOES 1-4 (true names being unknown), jointly, severally, and in the

6

alternative for damages, together with interest, costs of suit and attorneys' fees, as well as any other relief the court may deem proper.

**LADDEY, CLARK & RYAN, L.L.P.**
Attorneys for Plaintiffs

Dated: April 1, 2021                     By: _____
                                         Travis W. Nunziato, Esq.

## DESIGNATION OF TRIAL COUNSEL
## TO: ASSIGNMENT JUDGE

In accordance with Rule 4:25-4, you are hereby notified that Timothy E. Dinan, Esq., of the law offices of Laddey, Clark & Ryan, L.L.P., is assigned to try this case.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to Rule 4:5-1, I hereby certify that I have no knowledge of any other pending actions or proceedings concerning the subject matter of this action. It is not anticipated at this time that there is any other party who should be joined in this action.

## DEMAND FOR TRIAL BY JURY

Plaintiffs hereby demand a trial by jury.

## DEMAND FOR ANSWERS TO INTERROGATORIES

Plaintiffs hereby demand that defendants provide answers to Form Interrogatories as provided by the New Jersey Court Rules.

7

## DEMAND FOR INSURANCE AGREEMENTS

Plaintiffs hereby demand that defendants furnish copies of any and all declaration pages that were or may have been in force on or about April 14, 2019, as permitted by Rule 4:10-2(b). **This demand shall include and cover not only primary coverage but also any and all excess, catastrophe, and/or umbrella policies**.

## DEMAND FOR PRODUCTION

Plaintiff hereby demands production of the documents and tangible items specified below within fifty (50) days pursuant to Rule 4:18-1, et seq.:

1. Any and all laser-quality, color photographs or black and white photographs (if color photos are not available) that depict the accident that is the subject of this litigation.

2. Any and all video, audio, or photographic surveillance depicting the Plaintiffs, captured by this Defendant or by another entity or individual at the request of this Defendant.

3. Any and all video, audio, or photographic surveillance depicting the accident that is the subject of this litigation..

4. A copy of an Insurance Services Office "ISO" Claim Search for Plaintiff KELLY WILSON that is current as of the date of the service of this demand for production.

5. Any and all items, including but not limited to documents, videos, imaging, etc., which will be used to cross-examine Plaintiffs' experts.

6. Copies of any and all municipal court summonses, dispositions, or discovery related to the accident that is the subject of this litigation.

8

7. Certified transcripts, video recordings, or audio recordings of any and all statements in your possession made by any person to any insurance provider with regards to the accident that is the subject of this litigation.

8. The name, address, and title of each and every person who supplied information used to respond to this demand for production on behalf of this defendant.

9. Any document related to the subject matter of this litigation in the possession of this defendant that is not subject to a claim of privilege. If a claim of privilege is asserted in response to this demand, provide a privilege log for all allegedly privileged materials.

10. Copies of any and all written reports, letters or statements rendered by any doctor or other expert whom this Defendant proposes to have testify in his/her behalf.

11. Copies of any report filed in connection with the subject incident.

12. Copies of any written or transcribed statements, summaries of statements, or notes or writings of any kind of any party to this action or any individual who is not a party but has provided the documents requested.

13. Transcripts of all depositions taken.

14. Copies of all interrogatories answered by any party.

15. Copies of any and all contracts or agreements by, and between, or involving any party to this litigation.

16. Copies of curriculum vitae of all proposed expert witnesses.

17. All reports including but not limited to police reports made to or by governmental authority whether state, county or municipality concerning the happening of the subject incident.

9

18. Any reports made to or by another person, corporation, business or agency concerning the happening of the subject incident.

19. Copies of all repair bills and repair estimates regarding the women's restroom or other item(s) involved in the incident if applicable.

20. Copies of all documents obtained by the responding party or its representatives from any government agency regarding and concerning any party to this suit, the incident(s) of this suit or the specific location where the incident of the suit occurred.

21. All diaries, calendar entries or records made and kept by the responding party or any witness called by the responding party concerning anything relevant to the instant litigation which may be used by the responding party or the witness called by the responding party to refresh recollection.

22. All charts, diagrams, photographs, drawings, video tapes and other documents provided to any expert consulted in connection with the subject litigation.

23. A copy of all deposition transcripts of the propounding party or its representatives reviewed or in possession of the responding party or his/her/its attorney regardless of whether said depositions were taken in the within action.

24. Any and all items or documents which the responding party may or will offer and request the court take Judicial Notice.

25. Provide copies of any and all correspondence between Defendant, its employees and/or contractors relating to cleaning, repairing and/or maintaining the premises from 2016 to Present.

26. Provide copies of any and all contracts or agreements between Defendant and any entity relating to cleaning, repairing and/or maintaining the premises from 2016 to Present.

27. Provide copies of any and all invoices relative to cleaning, repairing and/or maintaining the premises from 2016 to Present.

28. Set forth the names and addresses of all employees and/or contractors providing cleaning, repair and/or maintenance services on behalf of Defendant at the premises from 2016 to Present.

29. Provide a copy of all records of payments made by Defendant or on its behalf relative to cleaning, repairing and/or maintaining the premises from 2016 to Present.

30. Provide copies of any employee manuals, safety manuals, written procedures and/or written requirements provided by Defendant to its employees and/or independent contractors.

31. Provide copies of any and all documents related to instructions given to employees and/or contractors relative to cleaning, repairing and/or maintaining the women's restroom on the premises from 2016 to present.

32. Provide copies of any and all documents and/or records evidencing safety measures taken by Defendant following cleaning, repairing and/or maintenance services provided by its employees and/or independent contractors at the premises from 2016 to Present.

33. Any and all documents, logs, call sheets, time sheets, kept by Defendant, its employees or independent contractors relating to cleaning, repairing and/or

11

maintenance services at the premises from 2016 to Present, including but not limited to written or oral complaints received.

34. Copies or all maintenance records, cleaning records, and/or repair records regarding work performed at the women's restroom on the premises from 2016 to present.

35. Identify and attach clear copies of any and all photographs and/or videotapes of any of the parties involved, of the incident scene, the location of the incident at any other time, including but not limited to photographs of work performed or work in progress by Defendant or any other object, person or area, which is either relevant to the is matter or could reasonably lead to the discovery of relevant material. If the photographs or videotapes are digital, indicate same.

36. Please provide a copy of your entire file regarding any agreements for cleaning, maintenance and/or repairs services to be performed at the premises from 2016 to present.

37. Provide copies of any and all checklists for Defendant's employees for the opening, mid- and closing procedures of the premises on the day of the incident.

38. Provide copies of any and all excess and/or umbrella insurance policies applicable at the time of the incident.

39. Provide copies of any and all violations, citations, warnings, or similar documentation issued pertaining to the bathrooms on the premises from 2016 to present.

40. Set forth the names and addresses of all employees charged with the responsibility of cleaning, care, maintenance, inspection and/or repair of the interior floors of the

WALMART SUPERCENTER located at 220 Route 6 & 209, Milford, PA 18337, including the bathrooms and areas surrounding the bathrooms contained therein.

41. Set forth the names and addresses of all employees working at the WALMART SUPERCENTER located at 220 Route 6 & 209, Milford, PA 18337 on April 14, 2019.

42. All video, audio, or photographic surveillance/security footage of the Walmart Store located at 220 Route 6 & 209, Milford, PA 18337 captured/recorded from 12:00 a.m., April 14, 2019 through 11:59 p.m., April 14, 2019.

**LADDEY, CLARK & RYAN, L.L.P.**
Attorneys for Plaintiffs

Dated: April 1, 2021          By: _____
                              Travis W. Nunziato, Esq.

13

# Civil Case Information Statement

## Case Details: SUSSEX | Civil Part Docket# L-000159-21

**Case Caption:** WILSON KELLY VS WALMART, INC.

**Case Initiation Date:** 04/01/2021

**Attorney Name:** TRAVIS W NUNZIATO

**Firm Name:** LADDEY CLARK & RYAN, LLP

**Address:** 60 BLUE HERON RD SUITE 300

SPARTA NJ 078712800

**Phone:** 9737291880

**Name of Party:** PLAINTIFF : Wilson, Kelly

**Name of Defendant's Primary Insurance Company
(if known):** Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Kelly Wilson?** NO

**Are sexual abuse claims alleged by: David Wilson?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO

**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO

**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

04/01/2021
Dated

/s/ TRAVIS W NUNZIATO
Signed

## NJ SUPERIOR COURT LAWYER REFERRAL AND LEGAL SERVICE LIST

**ATLANTIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Direct Filing
1201 Bacharach Blvd., 1st Fl.
Atlantic City, NJ 08401
LAWYER REFERRAL
(609) 345-3444
LEGAL SERVICES
(609) 348-4200

**BERGEN COUNTY:**
Deputy Clerk, Superior Court
Civil Division, Room 115
Justice Center, 10 Main St.
Hackensack, NJ 07601
LAWYER REFERRAL
(201)488-0044
LEGAL SERVICES
(201) 487-2166

**BURLINGTON COUNTY:**
Deputy Clerk, Superior Court
Central Processing Office
Attn: Judicial Intake
First Fl., Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060
LAWYER REFERRAL
(609) 261-4862
LEGAL SERVICES
(609) 261-1088

**CAMDEN COUNTY:**
Deputy Clerk, Superior Court
Civil Processing Office
Hall of Justice
1st Fl, Suite 150
101 South 5th Street
Camden, NJ 08103
LAWYER REFERRAL
(856) 482-0618
LEGAL SERVICES
(856) 964-2010

**CAPE MAY COUNTY:**
Deputy Clerk, Superior Court
9 N. Main Street
Cape May Court House, NJ
08210
LAWYER REFERRAL
(609) 463-0313
LEGAL SERVICES
(609) 465-3001

**CUMBERLAND COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office
60 West Broad Street
P. O. Box 10
Bridgeton, NJ 08302
LAWYER REFERRAL
(856) 696-5550
LEGAL SERVICES
(856) 691-0494

**ESSEX COUNTY:**
Deputy Clerk, Superior Court
Civil Customer Service
Hall of Records, Room 201
465 Dr. Martin Luther King Jr.
Blvd.
Newark, NJ 07102
LAWYER REFERRAL
(973) 622-6204
LEGAL SERVICES
(973) 624-4500

**GLOUCESTER COUNTY:**
Deputy Clerk, Superior Court
Civil Case Management Office,
Attn: Intake, First Fl., Court
House
1 North Broad Street
Woodbury, NJ 08096
LAWYER REFERRAL
(856) 848-4589
LEGAL SERVICES
(856) 848-5360

**HUDSON COUNTY:**
Deputy Clerk, Superior Court
Civil Records Dept.
Brennan Court House, 1st Floor
583 Newark Avenue
Jersey City, NJ 07306
LAWYER REFERRAL
(201) 798-2727
LEGAL SERVICES
(201) 792-6363

**HUNTERDON COUNTY:**
Deputy Clerk, Superior Court
Civil Division
65 Park Avenue
Flemington, NJ 08822
LAWYER REFERRAL
(908) 236-6109
LEGAL SERVICES
(908) 782-7979

**MERCER COUNTY:**
Deputy Clerk, Superior Court
Local Filing Office, Courthouse
175 S. Broad Street
P. O. Box 8068
Trenton, NJ 08650
LAWYER REFERRAL
(609) 585-6200
LEGAL SERVICES
(609) 695-6249

**MIDDLESEX COUNTY:**
Deputy Clerk, Superior Court
Middlesex Vicinage
Second Floor, Tower
56 Paterson Street
P. O. Box 2633
New Brunswick, NJ 08903-2633
LAWYER REFERRAL
(732) 828-0053
LEGAL SERVICES
(732) 249-7600

**MONMOUTH COUNTY:**
Deputy Clerk, Superior Court
Court House
P. O. Box 1269
Freehold, NJ 07728-1269
LAWYER REFERRAL
(732) 431-5544
LEGAL SERVICES
(732) 866-0020

**MORRIS COUNTY:**
Morris County Courthouse
Civil Division
Washington & Court Streets
P. O. Box 910
Morristown, NJ 07963-0910
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 285-6911

**OCEAN COUNTY:**
Deputy Clerk, Superior Court
Court House, Room 121
118 Washington Street
P.O. Box 2191
Toms River, NJ 08754-2191
LAWYER REFERRAL
(732) 240-3666
LEGAL SERVICES
(732) 341-2727

**PASSAIC COUNTY:**
Deputy Clerk, Superior Court
Civil Division - Court House
77 Hamilton Street
Paterson, NJ 07505
LAWYER REFERRAL
(973) 278-9223
LEGAL SERVICES
(973) 523-2900

**SALEM COUNTY:**
Deputy Clerk, Superior Court
Attn: Civil Case Management
Office
92 Market Street
Salem, NJ 08079
LAWYER REFERRAL
(856) 935-5629
LEGAL SERVICES
(856) 691-0494

**SOMERSET COUNTY:**
Deputy Clerk, Superior Court
Civil Division Office
40 North Bridge Street
P. O. Box 3000
Somerville, NJ 08876
LAWYER REFERRAL
(908) 685-2323
LEGAL SERVICES
(908) 231-0840

**SUSSEX COUNTY:**
Deputy Clerk, Superior
Court
Sussex County Judicial
Center
43-47 High Street
Newton, NJ 07860
LAWYER REFERRAL
(973) 267-5882
LEGAL SERVICES
(973) 383-7400

**UNION COUNTY:**
Deputy Clerk, Superior
Court
1st Floor, Court House
2 Broad Street
Elizabeth, NJ 07207-
6073
LAWYER REFERRAL
(908) 353-4715
LEGAL SERVICES
(908) 354-4340

**WARREN COUNTY:**
Deputy Clerk, Superior
Court
Civil Division, Court
House
413 Second Street
Belvidere, NJ 07823-
1500
LAWYER REFERRAL
(908) 859-4300
LEGAL SERVICES
(908) 475-2010